Rex, J.
"We think the court erred in refusing to charge the jury as requested, and in the instructions given. Robbery, and assault with intent to commit -robbery, as defined in sections 15 and 17 of the crimes act (S. & C. 406, 407), clearly include all the elements of an assault and battery, or of an assault alone, both of which are offenses of a degree inferior to those of robbery, and of assault with intent to commit robbery; and hence, under the provisions of section 168 of the code of criminal procedure (66 Ohio L. 312), the plaintiff’ in error might have been acquitted of the robbery and of the assault with intent to commit robbery, and convicted of the inferior offense.
Provisions similar to those contained in section 168 of the criminal code, exist in the statutes of England, and in many of the states of this country, and are simply the enactment into statutes of the well-settled rules of the common law. The decisions, both before and since the enactment of these statutes, have been uniform, respecting the right to convict.of an inferior offense, on an indictment for a superior one. The People v. Jackson, 3 Hill, 92; 1 Arch. Cr. Pr. & Pl. 602. In Stewart v. The State, 5 Ohio, 241, decided in bank at the December term, 1831, the questions were whether the Court of Common Pleas erred in refusing to charge the jury, that under an indictment for an assault with intent to kill, they might find the defendant guilty of simple assault and battery, without any such intent, and in instructing the jury that if they found the defendant guilty at all, it must be of the whole accusation. In their decision, the court say, “ That where an accusation for a crime of a higher nature includes an offense of a lower degree, the jury may acquit him of the graver offense and return him guilty of the less atrocious; ” and hence, on the ground that the court could not say that the defendant might not have been prejudiced by the instruction, the judgment was reversed. Eor a similar ruling, see Heller v. The State, 23 Ohio St. 582, decided since the adoption of the code of criminal procedure.
*402 The plaintiff in error, in this ease, may have been prejudiced by the refusal of the court to instruct the jury as requested, and by the instruction given, and, therefore, the judgment must be reversed and the cause remanded for a new trial.

Judgment accordingly.

McIlvaine, C. J., Welch, White, and Gilmore, JJ., concurred.